LEAR, Judge.
Defendant, Dr. E. Edward McCool, performed gall bladder surgery on plaintiff, Ruby White, and during the operation there was either a laceration or tear of the liver. Defendant, McCool, sutured the wound and being satisfied that the bleeding had stopped closed the incision. Some five hours later plaintiff was found to be suffering from internal bleeding. Defendant reopened the incision and found the liver to be bleeding. Defendant resutured the liver and closed the incision. Plaintiff’s recovery was thereafter uneventful. The plaintiff sued defendant and his insurer alleging malpractice. The trial court found for defendant and dismissed plaintiff’s suit. We affirm.
LSA-C.C. art. 2315, in pertinent part, provides that every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
LSA-C.C. art. 2316 states that, “Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.” In 1975 the legislature (by Act 807 of 1975 which became LSA-R.S. 9:2794 and which applied as here to all acts occurring prior to the passage of Act 545 of 1979), in an apparent attempt to set forth standards of conduct and skill in suits brought against dentists and physicians, enacted legislation setting forth the burden of proof to be borne by plaintiff. This statute reads, in pertinent part, as follows:
“(A) In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq., or a dentist licensed under R.S. 37:751 et seq., the plaintiff shall have the burden of proving:
“(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians or dentists practicing in the same community or locality to that in which the defendant practices; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians or dentists within the involved medical specialty-
“(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill, and
“(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.”
The intent of the legislature was to indicate how the basic principle of article 2315 as amplified by article 2316 should apply to this class of cases.
As the trial judge correctly stated, the standard required by the Civil Code and LRS 9:2794 is that degree of care, knowledge or skill possessed by physicians within [a given] medical specialty.
Appellant contends that the doctrine of res ipsur loquitur should apply to the facts of this case. If we assume this to be true, the trial court found that defendant had exercised due care and skill which effectively rebuts any presumption so raised. We find no abuse of discretion or manifest error in the record.
*124 The judgment of the trial court is affirmed, appellant to pay all costs.
AFFIRMED.